McCARTHY, J.—In this case the facts and questions of law are substantially the same as those presented to this court in the case of *Rural High School Dist. No. 1 v. School Dist. No. 58, ante,* p. 222, 200 Pac. 138. Upon the authority of that case, the judgment of the district court is affirmed. Costs are awarded to respondents.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

---

(July 28, 1921.)

In re Segregation of SCHOOL DISTRICT No. 46 from RURAL HIGH SCHOOL DISTRICT No. 1. RURAL HIGH SCHOOL DISTRICT No. 1 and J. N. WANN, Appellants, v. SCHOOL DISTRICT No. 46, F. C. KNAPP et al., as Petitioners, and R. N. WRIGHT, as Clerk of the Board of County Commissioners of Nez Perce County, State of Idaho, and BOARD OF COUNTY COMMISSIONERS OF NEZ PERCE COUNTY, Respondents.

[200 Pac. 140.]

APPEAL from the Tenth Judicial District, for the County of Nez Perce. Hon. Wallace N. Scales, Judge.

Judgment of District Court affirming order of County Commissioners segregating school district from rural high school district. *Affirmed.*

Fred E. Butler, for Appellants, relies upon authorities cited in *Rural High School District No. 1 v. School Dist. No. 58, ante,* p. 222, 200 Pac. 138.

Miles S. Johnson, for Respondent.

"A petition for the annexation of adjacent territory to a special district for school purposes need not set forth all

of the facts, the existence of which are required by the statute to authorize the board to act. It is for the board of the special district to determine before allowing such petition, whether the jurisdictional prerequisites, in fact, exist authorizing it to grant the prayer of the petitioners.'' (*School Dist. No. 94 v. Thompson,* 27 N. D. 459, 146 N. W. 727; *Town of North Carrollton v. Town of Carrollton,* 113 Miss. 1, 73 So. 812; *Sorkness v. Board of County Commrs.,* 131 Minn. 79, 154 N. W. 669.)

''Upon such appeal the petition to the board need not be drawn with the formality of a pleading; and if sufficient to put before the board facts upon which it can base an investigation, and determination as to the propriety of the detachment, it is sufficient.'' (*Scott v. Trustees of Schools,* 71 Ill. App. 97; *State v. Peterson,* 55 Mont. 355, 177 Pac. 247.)

McCARTHY, J.—In this case the facts and questions of law are substantially the same as those presented to this court in the case of *Rural High School Dist. No. 1 v. School Dist. No. 58, ante,* p. 222, 200 Pac. 138. Upon the authority of that case, the judgment of the district court is affirmed. Costs are awarded to respondents.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

---

(July 28, 1921.)

STATE, Respondent, v. MIKE PETROGALLI, Appellant.

[200 Pac. 119.]

INTOXICATING LIQUOR — ERRONEOUS STATEMENT BY COURT — NONPREJUDICIAL ERROR—INFORMATION—VARIANCE—INSTRUCTIONS.

1. Erroneous admission of evidence and an accompanying erroneous statement by the court are not reversible error, when the verdict of guilty is sustained by other evidence, clear and un-